IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL WAYNE GILLILAND  PETITIONER

V.  No. 14-6139

WENDY KELLEY[1], Director,
Arkansas Department of Correction  RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2254 (ECF No. 1) filed December 3, 2014. The Defendant filed a Response (ECF No. 9) on January 9, 2015. The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I. Background:

On May 21, 2009, in a jury trial, petitioner Michael Wayne Gilliland was convicted of rape and second-degree sexual assault in Hot Springs County Circuit Court case number CR-2008-243-2. He was sentenced to concurrent sentences of life imprisonment for rape and 20 years' for sexual assault in a judgment and commitment order dated June 3, 2009, and an amended judgment and commitment order dated June 17,2009. (ECF No. 1, pp. 83-88) Petitioner is currently serving his sentences in the custody of the Arkansas Department of Correction ("ADC").

Petitioner filed an appeal with the Supreme Court of Arkansas in which he raised the

---

[1]The petition named Ray Hobbs as the respondent. Mr. Hobbs retired as Director of the Arkansas Department of Correction on October 31, 2014, and Larry Norris assumed the duties of Interim Director on November 1,2014 and subsequently Ms. Wendy Kelley was appointed. Pursuant to Fed. R. Civ. p, 2S(d) (2014), Ms. Kelley is automatically substituted as the respondent in place of Mr. Hobbs.

following issues: (1) the trial court abused its discretion by allowing the State to introduce rebuttal testimony that did not relate to the offenses for which he was on trial; and (2) there was insufficient evidence to support his conviction. (ECF No. 9-3). The court found that the first issue was not preserved for appeal and that there was no merit to the second issue; thus, it affirmed the convictions on March 18, 2010, in *Gilliland v. State*, 2010 Ark. 135,361 S.W.3d 279. (ECF No. 1, pp. 62-72) The mandate issued on April 6, 2010.

On June 30, 2010, petitioner filed a pro se petition seeking postconviction relief under Ark. R. Crim. P. 37 (2010)[2]. In that petition, he alleged that he received ineffective assistance of counsel because trial counsel: (1) failed to subpoena and call witnesses to testify on his behalf; (2) failed to fully investigate regarding a DHS home check that would have provided exculpatory evidence; and (3) failed to make specific and timely objections to the State's rebuttal testimony and evidence regarding he trip to Virginia, resulting in the Supreme Court of Arkansas' refusal to address the issue on appeal. (ECF No. 9-6, pp. 13-20).  The Circuit Court appointed an attorney to represent the Petitioner. (Id., p.29).   After a hearing, the circuit court denied relief in an order filed February 7, 2011. (Id., p. 36)

Petitioner appealed the denial of relief, asserting only one ground on appeal, i.e., that counsel failed to make specific and timely objections to the State's rebuttal testimony and evidence regarding his trip to Virginia, resulting in the Supreme Court of Arkansas' refusal to address the issue on appeal. The Supreme Court of Arkansas denied relief in an opinion issued

---

[2] It appears that the petition was tendered to the circuit clerk in a timely fashion, but the clerk's office mistakenly refused it; thus the late filing date. See Ark. R. Crim. P. 37.2(c) (2010)  (petition must be filed within 60 days of issuance of direct appeal mandate). Because the Supreme Court of Arkansas elected to deny the State's motion to dismiss based on the tardiness of the filing, respondent did not assert the lateness of that filing as a procedural bar or as part of a statute of limitations defense.

April 19, 2012, finding that petitioner suffered no prejudice from trial counsel's failure to object because such objections would have been overruled, as the petitioner "himself had introduced the issue of the Virginia trip and his treatment of the victim and thus opened the door to the very testimony he [found] objectionable." *Gilliland v. State*, 2012 Ark. 175, at 4. (ECF No. 1 at 76)

On June 27, 2012, petitioner filed a pro se petition to correct a sentence imposed in an illegal manner pursuant to Ark. Code Ann. § 16-90-111. (ECF No. 9-9, p. 4). In that petition, he alleged multiple grounds for relief: (1) denial of a prompt first appearance; (2) counsel refusal to allow him to accept a plea agreement; (3) the trial court erred by denying his motion to dismiss the charges; (4) prosecutorial misconduct regarding sentencing; (5) double jeopardy; (6) error in instructing the jury regarding possible penalties; (7) denial of his right to confront his accusers; (8) extreme prejudice from the introduction of evidence of other crimes; and (9) the judgment and commitment order was illegal and void on its face. (Id.). The petition was dismissed by order dated July 13, 2012 (Id., p. 33) and the Petitioner appealed..

Petitioner appealed to the Supreme Court of Arkansas (Id., p. 44), which affirmed, finding that the issues raised which could be construed as complaints about trial counsel should have been raised in the Rule 37 petition; that the claims of trial error, even if constitutional in nature, should have been raised on direct appeal and could not be addressed; that the illegal sentence claim was had no merit; and that the petition was not timely filed under the statute. *Gilliland v. State*, 2014 Ark. 149. (ECF No. 1, pp. 78-82)

On November 26, 2014, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) wherein he makes the following claims for relief:

1. The trial court abused its discretion by allowing rebuttal testimony that did not relate to the offenses for which the petitioner was on trial. (Id., p. 6)

2. The trial court erred by denying the petitioner's motion for directed verdict on the charge of rape in that there was insufficient proof of any penetration. (Id., p. 12)

3. Petitioner received ineffective assistance of trial counsel because counsel failed to make specific and timely objections to the state's rebuttal testimony.(Id., p. 16).

4. Petitioner was denied a prompt first appearance. (Id., p. 22)
5. Trial counsel refused to allow petition to accept a plea offer. (Id., p. 26).

6. The trial court erred by denying petitioner's motion to dismiss. (Id., p. 27).

7. There was prosecutorial misconduct regarding sentencing. (Id., p. 39)

8. Petitioner was subjected to double jeopardy.  (Id., p. 40)

9. There was error in instructing the jury regarding possible penalties.  (Id., p. 41).

10. The trial court erred, and defense counsel was ineffective for denying, petitioner's right to confrontation, cross-examination, or impeachment of prosecution witnesses. (Id., p. 43)

11. There was extreme prejudice because jury was initially informed that the information contained two counts of rape. (Id., p. 48)

12. The judgment and commitment order was illegal and void on its face. (Id., p. 50).

Claims 1 and 2 were asserted on direct appeal. Claim 3 was asserted in the Rule 37 petition. Claims 4 through 12 were asserted in the petition to correct a sentence imposed in an illegal manner

pursuant to Ark. Code Ann. § 16-90-111.

## II.  Discussion

### A.  Defaulted Claims;  Grounds One, Two, and Four through Twelve:

#### 1.  Fairly Presented

It is well established that "[t]o be eligible for federal habeas corpus relief, a state prisoner must first exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007)  (quoting *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir.2006)); see also *Baldwin*, 541 U.S. at 29. This requires that the factual and legal bases for the federal habeas claim be presented to the state courts before the federal habeas court may consider the merits of the claim. *King v. Kemna*, 266 F.3d 816, 821–22 (8th Cir.2001) ( quoting *Flieger v. Delo*, 16 F.3d 878, 884–85 (8th Cir.1994)), for the proposition that, to preserve a claim for federal review, a habeas petitioner must raise both the factual and legal bases for the claim in the state courts, and sua sponte finding a habeas claim procedurally barred because the basis for it had not been presented to the state courts). " 'If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.' " *Carney*, 487 F.3d at 1096 (*quoting Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999) (en banc)); *accord Malone v. Vasquez*, 138 F.3d 711, 716 (8th Cir.1998); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir.1997). "Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." *Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir.2007).

**a.  Ground One:**  The Petitioner first contends the trial court abused its discretion in allowing certain rebuttal testimony.  The Petitioner attempted to raised this issue on appeal and the Arkansas Court of Appeals held that "Gilliland's arguments are largely unpreserved for our review".

(ECF No. 1, p. 70). The court noted that:

> It is true that the State elicited much more testimony during its rebuttal than simply evidence about Gilliland's drug manufacturing, including the testimony about how he mistreated J.M. on the trip to Virginia. Gilliland, however, never objected to any of this particular testimony as going beyond the proper scope or bounds of rebuttal. Therefore, his argument to this court—i.e., that this specific evidence was not relevant to the crimes with which he was charged—is being raised for the first time on appeal, which means we must decline to address it. *Gilliland v. State* 2010 Ark. 135, 11-12, 361 S.W.3d 279, 285 - 286 (Ark.,2010)

Thus Ground One is procedurally defaulted but even if it were not defaulted there is no evidence that the trial court abused its discretion. As pointed out by the Arkansas Court "During the entirety of the State's rebuttal case, the defense objected only twice. The first objection was that J.M.'s testimony was rambling and nonresponsive, and the second was that M.L.'s testimony had gone beyond the scope of the prosecutor's questions. Both objections were sustained." (Id., p. 70).

The court went on to state that "In this case, it is apparent that Gilliland did not raise a specific objection that the rebuttal testimony-either the drug-related testimony or -testimony about the trip to Virginia-violated Rule 403 or 404(b), nor did he argue below that the State was improperly eliciting testimony that would necessitate rebuttal testimony in contravention of Kincannon. Accordingly, these arguments are not preserved for appellate review." (Id., p. 71).

It is impossible to fault the trial court when it "sustained" the only objections made by the Petitioner.

**b.  Ground Two:** In claim 2, petitioner asserts that the trial court erred by failing to grant his directed verdict motion on the charge of rape, contending that there was not substantial

evidence of penetration. This specific issue was addressed by the Arkansas Court which found there was sufficient evidence to support the conviction. (ECF No. 1).

The court noted that the following answers were given by M.M. who was 14 years of age at the time of the crime and 16 years old when she testified:

> Q: And how would he touch your vagina?
> A: With his fingers in and out.
> Q: You mean he would insert his finger inside of you?
> A: Uh-huh.

The Arkansas Court noted that "In considering the sufficiency of the evidence in a rape case, this court has repeatedly held that the uncorroborated testimony of a rape victim is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *See Lamb v. State*, 372 Ark. 277, 275 S.W.3d 144 (2008); *Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002); *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998).

In this case there was more than sufficient evidence to deny a motion for a directed verdict and submit the question to the jury. As the Court stated in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the governing standard for this claim is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." That standard was met by the Supreme Court of Arkansas in this case. Its decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254 (d).

    **c. Grounds Four through Twelve:** Grounds Four through Twelve were never

presented to the state court and were only asserted in the Petition to Correct a Sentence filed by the Petitioner in July 2012 which the Circuit Court denied as untimely. (ECF No. 1, p. 77).

The Arkansas Supreme Court, in affirming the dismissal of the trial court noted that:

> "Moreover, the trial court ruled that appellant's petition was not timely filed, and we find no error in that ruling. As noted, if considered as a petition for postconviction relief under Rule 37.1, the petition did not comply with the time restrictions for proceeding under the Rule set out in Rule 37.2(c)(i).To the extent that any of the issues raised were cognizable in a petition under section 16–90–111 to correct a sentence illegally imposed, section 16–90–111(a) permits a trial court to correct a sentence imposed in an illegal manner within the time allowed under the statute for a reduction of sentence, and section 16–90–111(b)(1) requires that an order under the statute that reduces a sentence must be entered within ninety days after the sentence is imposed or within sixty days after receipt by the court of a mandate affirming the judgment or dismissal of the appeal. Ark.Code Ann. § 16–90–111; *see also Reynolds v. State*, 2011 Ark. 5 (per curiam). Here, appellant did not file his petition within sixty days of the date of the mandate in his case." *Gilliland v. State* 2014 Ark. 149, 5, 2014 WL 1344405, 2 (Ark. - 3 (Ark. (Ark.,2014)

Since the Petitioner's claims Four through Twelve were never presented to the trial court and were never raised until 2012 they are procedurally defaulted.

  2. **Cause and Prejudice:**

A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance" (See *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir.2007) (*citing Coleman v.. Thompson*, 501 U.S. 722, 732 (1991)) and "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *Abdullah v. Groose* 75 F.3d 408, *411 (C.A.8 (Mo.),1996). Fundamental miscarriage generally means the conviction of an innocent person.  (*See Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (federal writ of habeas corpus may be granted absent a showing of cause and prejudice in an "extraordinary case" where the constitutional violation has probably resulted in the conviction of one who is actually innocent)).  The Petitioner's innocence must be established by clear and convincing evidence. (*See Whitmore v. Avery*, 26 F. 3d 1426 @1429, (C.A. 8 (Neb.), 1994)).

The Petitioner does not raise any "cause" for the procedural default other than the claim of ineffective assistance of counsel.  "Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default."*See U.S v. Charboneau.*  702 F.3d 1132, 1136 (C.A.8 (N.D.),2013). The claim for IAC will be dealt with below.

**B.  Ineffective Assistance of Counsel**

The Petitioner contends that his attorney was ineffective because he "failed to make specific and timely objections to rebuttal testimony" given during his jury trial.  (ECF No. 1, p. 16).

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel

pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick*,  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

    First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

    Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

    To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing

*Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

The Petitioner has failed to establish that his attorney's actions were prejudicial. In weighing whether trial counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052. A deficiency is prejudicial when there is a reasonable probability, that is, one "sufficient to undermine confidence in the outcome," that the result of the trial would have been different but for the deficiency. Id. at 694, 104 S.Ct. 2052.

> The Petitioner testified at his trial and according to the Arkansas Supreme Court: On cross-examination, Gilliland acknowledged that he was convicted in 1992 for selling methamphetamine. He also testified that, at one point during his marriage, his wife was also addicted to methamphetamine. He denied, however, that he was making and selling the drug.
> The State then asked Gilliland whether he had ever threatened the girls by telling them that he was going to "pimp them out" to his friends. In response to this question, Gilliland described a family trip to Virginia to help out his wife's sister. He said that once they got there, they were staying on a military base, and because he had been seen smoking marijuana, the military police got involved. While the police were searching his car and room, he said that J.M. told the police that she had been the victim of sexual abuse. The local police were called, and although they found nothing to support J.M.'s allegations, the family was asked to leave the military base.
> Gilliland said that he was angry with J.M. because he thought "all she

was trying to do really was to work out a way to stay with her [aunt] in Virginia for the summer." He became very angry with her and threatened her that if she didn't straighten up, he was "going to go talk to some of [his] black guys and have her straighten[ed] out." During the drive back from Virginia, he punished J.M. by confining her to the car. He denied not allowing her to eat, and said that if she or her mother said that had happened, it would be a lie. Later in his cross-examination, he also denied knowing how to cook methamphetamine, having either of the girls help him manufacture the drug, or ever supporting the family by selling drugs.

After the defense rested and renewed the motions for directed verdict, the court asked the State if it had any rebuttal testimony. The following colloquy ensued:

> Court: They're going to call rebuttal, are you going to do the same?
> Defense: What is he going to call—rebuttal?
> Court: Rebuttal.
> State: The testimony—
> Defense: Which part of—
> State: The part about him making dope to support them when she—
> Defense: That's a side issue, Judge, that's not subject to rebuttal—
> State: It certainly goes to whether he's lying or not. If he's lying about one thing, he can be lying about everything.
> Defense: That's a side issue, it does not go to the main fact of this issue.
> Court: Well, the door has been opened and it's been discussed openly, so I think it's only appropriate that you be allowed to rebut with testimony.

The State then recalled J.M. to the stand. J.M. described the trip to Virginia that Gilliland had mentioned during his cross-examination by the State. She went into great detail about how Gilliland had punished her on the drive back from Virginia to Arkansas, saying that he refused to let her out of the car, refused to let her have anything to eat or drink, threw away all of her clothing and possessions, and threw a bottle at her. In addition, the State called Gilliland's ex-wife M.L., who corroborated J.M.'s version of events. M.L. also stated that Gilliland had

learned how to cook methamphetamine and had begun selling it. *Gilliland v. State* 2010 Ark. 135, 7-9, 361 S.W.3d 279, 283 - 284 (Ark.,2010)

The court stated that "We conclude that Gilliland's arguments are largely unpreserved for our review. During the entirety of the State's rebuttal case, the defense objected only twice. The first objection was that J.M.'s testimony was rambling and nonresponsive, and the second was that M.L.'s testimony had gone beyond the scope of the prosecutor's questions. Both objections were sustained."

The Petitioner filed a timely Rule 37 petition and argued that "trial counsel was ineffective for failure to make timely and specific objections to rebuttal testimony offered by the State regarding Gilliland's treatment of M.M. and J.M., M.M.'s older sister, on a trip from Virginia to Arkansas. He asserts that trial counsel knew that his treatment of J.M. on the trip was not relevant to the charges and that it was intended to inflame the jury against him. He argues that trial counsel should have objected based on relevance, specifically under Arkansas Rules of Evidence 403 and 404(b)." *Gilliland v. State* 2012 Ark. 175, 2, 2012 WL 1415999, 1 (Ark.) (Ark.,2012).

The Arkansas court noted that:

To establish ineffective assistance of counsel based on failure to object, this court has held that it is not enough to show that a failure to object prevented an issue from being addressed on appeal. The Strickland test requires a showing of "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." "[T]he standard for judging the effectiveness of counsel requires a showing of more than the failure to raise an issue; the petitioner must establish prejudice at trial under Strickland." *Gilliland v. State* 2012 Ark. 175, 3-4, 2012 WL 1415999, 2 (Ark. (Ark.,2012).

The court then concluded that, if counsel had made the objections the petitioner argued should have been made, "they would have been properly overruled because Gilliland himself introduced the issue of the Virginia trip and his treatment of L.M. and thus opened the door to the very testimony he now finds objectionable." *Gilliland v. State*, 2012 Ark. 175, at 4. (ECF No. 1 at 76). The court cited *Edwards v. Stills*, 335 Ark. 470, 503, 984 S.W.2d 366,383 (1998) for the proposition that an appellant suffers no prejudice from the admission of testimony when he or opens the door to the line of questioning. Thus, the court concluded that "[t]he showing of prejudice required under Strickland is lacking[,]" and found that his claims had no merit. *Gilliland v. State*, 2012 Ark. 175, at 4. (ECF No. 1 at 76).

The court's decision regarding claim 3 was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor was its decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254 (d). Consequently, no relief can be granted on claim 3.

## C.  Illegal Judgment

Petitioner contends in claim 12 that the judgment and commitment order was illegal and void on its face and that the sentences were illegally imposed. (ECF No. 1, p. 49). His argument seems to be that a Judgment was entered after trial on June 2, 2009 (Id., p. 83-85) and an Amended Judgment was entered June 17, 2009 (Id., p. 86-88) and since he had appealed his sentence between those dates the court was without jurisdiction to amend the judgment. (Id., p. 50).

A review of the two judgments reveals they both reflect a life sentence on the charge of

Rape (ECF No. 1, p. 83 & p. 86), and they both reflect a sentence of 240 months on the Charge of Sexual Assault (Id., p. 84 & p. 87). The Judgments differ on the final page where the June 2 Judgment reflects "Total time to serve on all offenses listed above: 240 months. 1 life sentence(s)" while the June 17 Judgment reflects only the "1 life sentence". (Id, p. 88). Clearly, the Amended Judgment was entered to correct a clerical error and make it clear that the 240 month sentence on the Sexual Assault was concurrent with the Life sentence on the Rape charge.

Contrary to Petitioner's contention the trial court did not lose jurisdiction to enter the amended judgment and commitment order. The trial court retained jurisdiction to correct errors such as this See *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999). As clerical errors do not speak the truth, courts have the power to enter an amended judgment and commitment order nunc pro tunc to correct an erroneous judgment. *Reed v. Hobbs*, 2012 Ark. 61.

This specific issue was delt with in *Horton v. State* and the Arkansas Supreme Court found "that the trial court did not lose jurisdiction to enter the amended judgment and commitment order" after an appeal was filed (See *Horton v. State* 2012 Ark. App. 287, 2-3, 2012 WL 1435666, 1 (Ark.App. (Ark.App.,2012)) because Rule 2(b)(1) of the Arkansas Rules of Appellate Procedure—Criminal states that "[a] notice of appeal filed after the trial court announces a decision but before the entry of judgment or order shall be treated as filed on the day after the judgment or order is entered.

### III. Conclusion

Based on the above, I recommend that the instant petition be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of April 2015.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE