IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL WAYNE GILLILAND                                                          PETITIONER

v.                                        Case No. 6:14-cv-6139

WENDY KELLY, Director,                                                           RESPONDENT
Arkansas Department of Correction


### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is Petitioner's Supplemental Motion for Certificate of Appealability.[1] ECF No. 20. This Motions has been referred to the undersigned for decision by United States District Judge P.K. Holmes, III, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. As discussed below, I recommend this Motion be denied.

**1. Discussion**

A habeas petitioner may not appeal a final order in a proceeding under 28 U.S.C. § 2254 without first securing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A district court should not grant a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2)   This standard requires a demonstration that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude that issues presented are adequate to deserve

---

[1] The Motion for Certificate of Appealability was originally docketed as a "Text only Motion for Certificate of Appealability" on July 7, 2015, following Petitioner's filing of a notice of appeal. Petitioner then, pursuant to an Order of this Court, filed his Supplemental Motion for Certificate of Appealability (ECF No. 20).

encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 327 (2003). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Miller-el*, 537 U.S. at 338. Any Certificate of Appealability issued by the Court must state "which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3).

United States Magistrate Judge James R. Marschewski entered a Report and Recommendation (R&R) on April 29, 2015 which addressed each of Petitioner's twelve claims. ECF No. 12. As to each claim, the Court found the Petitioner's claim was either defaulted, without merit or both. In his Supplemental Motion for Certificate of Appealability, Petitioner reasserts the various grounds he raised in the original Petition. I have reviewed the R&R of Judge Marschewski. ECF No. 12. Judge Marschewski's R&R fully addressed all of the claims raised in this case and Petitioner has not shown those findings to be debatable or wrong. This R&R was adopted by this Court in its entirety. ECF No. 15.

Petitioner has not made a substantial showing of violation of a constitutional right. Accordingly, his Supplemental Motion for Certificate of Appealability (ECF No. 20) should be denied.

**2. Conclusion and Recommendation**

I recommend the Court **DENY** the Supplemental Motion for Certificate of Appealability (ECF No. 20). I further recommend the "Text only Motion for Certificate of Appealability" filed July 7, 2015, should also be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The**

**failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **26th day of February 2016.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE